UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FORWARD FINANCING LLC,<br>    Plaintiff,<br><br>v.<br><br>MOSS SUPERMARKET LLC AND ANNA HAKOBYAN,<br>    Defendants. | C.A. No. 16-11804-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                              March 29, 2018

Plaintiff Forward Financing, LLC alleges that it had a contract with defendants by which plaintiff paid $135,000 to Moss Supermarket, LLC ("Moss") in exchange for ten percent of its daily receipts until a total of $194,400 was collected by plaintiff. Plaintiff alleges that about two weeks after entering the agreement, Moss stopped making the required payments, and defendant Anna Hakobyan, the principal of Moss, did not indemnify plaintiff for the breach, as agreed. Plaintiff claimed to have served defendants, who reside in California, on September 8, 2016. However, defendants did not respond to the complaint within 21 days as required under Federal Rule of Civil Procedure 12(a)(1)(A)(i). On May 12, 2017, the clerk entered default. Plaintiff has moved for default judgement.

As in Forward Financing v. Arthur Schuster, Inc., et al., 16-10981-MLW, plaintiff's motion was not accompanied by a memorandum of law, as required under Rule 7.1(b)(1) of the Local Rules for the United States District Court for the District of Massachusetts ("Local Rule 7.1"). In addition, "before a default can be entered, the court must have subject-matter jurisdiction and jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." 10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. §2682 (4th ed. 2008); see also In re The Home Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002); Precision Etchings & Findings, Inc. v. LGP Gem, Ltd., 953 F.2d 21, 23 (1st Cir. 1992)("A default judgment entered by a court which lacks jurisdiction over the person of the defendant is void.").

However, there are no allegations or evidence demonstrating that the Due Process Clause and the Massachusetts long-arm statute, Mass. Gen. Laws Chapter 223A, §3, permit the exercise of personal jurisdiction over the defendants, both of whom reside in California. See Compl. at ¶¶2-3. Plaintiff alleges that its principle place of business is in Boston, Massachusetts and that its members reside in the state. However, there is no allegation that defendants negotiated or executed the contract in Massachusetts, sent payments to defendants' Massachusetts headquarters, or otherwise transacted any business in the state.

2

See Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F. 3d 28, 34-41 (1st Cir. 2016). Even if the contract did require payments to Massachusetts, this would not necessarily "represent a purposeful availment of the privilege of conducting activities in [Massachusetts], thereby invoking the benefits and protections of [its] laws and making the defendant[s'] involuntary presence before the state's courts foreseeable." Phillips Exeter Academy v. Howard Phillips Fund, 196 F. 3d 284, 291-92 (1st Cir. 1999); compare Baskin-Robbins, 825 F. 3d at 38-39. It also may be insufficient to satisfy the requirements of the Massachusetts long-arm statute. See Moelis v. Berkshire Life Ins. Co., 451 Mass. 483, 488-89 (2008); see also Clean Harbors Environmental Servs., Inc. v. Klondez Gold & Silver Mining Co., 2017 WL 2979115 (Mass. Super. Ct. 2017).

In addition, plaintiff has not served Moss Supermarket, LLC in the manner prescribed by Federal Rule of Civil Procedure 4. Unless a defendant waives any defect in service of process, process "must be served in accordance with Fed. R. Civ. P. 4, in order for the court to secure personal jurisdiction over him." Echevarria-Gonzalez v. Gonzalez-Chapel, 849 F.2d 24, 28 (1st Cir. 1988). "If a defendant is not served within 90 days after the Complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Fed. R. Civ. P. 4(m) (emphasis added). "The dismissal of a complaint is an inappropriate exercise of...discretion when there exists a reasonable prospect that service may yet be obtained." Cutler Assocs., Inc. v. Palace Constr., LLC, 132 F. Supp. 3d 191, 194 (D. Mass. 2015)(Hillman, D.J.); see also Umbenhauer v. Woog, 969 F.2d 25, 30 (3rd Cir. 1992); Rivera Otero v. Amgen Manufacturing Limited, 317 F. R. D. 326, 328 (D. P. R. 2016).

"Actual notice and simply naming the person in the caption of the complaint is insufficient to subject a defendant to the jurisdiction of the district court." Echevarria-Gonzalez, 849 F.2d at 28. Rather, Federal Rules of Civil Procedure 4(h) and 4(e)(1) require a plaintiff to serve a corporation in a judicial district of the United States in one of two ways. First, the plaintiff may "follow[] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. 4(e)(1). The plaintiff has sued in the District of Massachusetts and purported to serve Moss in California. Therefore, he must serve process according to: Rules 4(d)(2) and (e) of the Massachusetts Rules of Civil Procedure; §416.10 of the California Code of civil Procedure; or Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure.

The Massachusetts and federal rules require service on "an officer," a "managing or general agent," or any other agent

4

authorized to accept service on behalf of a corporation. Mass. R. Civ. P. 4(d)(2) & (e); Fed. R. Civ. P. 4(h)(1)(B). California law requires service on "the person designated as the agent for service of process or the 'president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process.'" Bovier v. Bridgepoint Educ./Ashford Univ., 2017 WL 4922978, at *2 (S.D. Cal. Oct. 30, 2017)(citing Cal. Civ. Proc. Code §416.10).

The Return of Service (Docket No. 5) as to Moss does not establish that it was served on any of the individuals authorized to accept service on its behalf. Instead, it states that the server, "J. Figueroa," served the summons on an anonymous individual, "John 'Doe,'" whom Figueroa asserts without explanation was "authorized to accept" service on behalf of Moss. This does not establish that Moss was properly served.

Therefore, the entry of default against Moss is being removed, the motion for default judgment against both defendants is being denied without prejudice, plaintiff is being ordered to serve Moss within 30 days, and a hearing is being scheduled to address the issues raised in this case and others, see Forward Financing v. Arthur Schuster, Inc., et al., C.A. 16-10981 (March 29, 2018 Order).

In view of the foregoing, it is hereby ORDERED that:

1. The Motion for Default Judgment (Docket No. 10) is DENIED without prejudice.

2. Plaintiff shall, by April 30, 2018, serve defendant Moss Supermarket, LLC the summons and complaint in a manner consistent with Rule 4(h) of the Federal Rules of Civil Procedure. Any future motion for default judgment or motion for reconsideration shall comply with Rule 7.1 of the Local Rules of the United States District Court for the District of Massachusetts, and be accompanied by: (a) a memorandum of law addressing the issues raised in this Memorandum and Order; and (b) one or more affidavits and any evidence that the court has personal jurisdiction over the defendants.[1]

3. If necessary, a hearing shall be held on May 14, 2018, at 3:00 p.m.

/s/ signature
UNITED STATES DISTRICT JUDGE

---

[1] If plaintiff asserts that the defendants consented to personal jurisdiction by prior agreement, it shall explain why that agreement is enforceable pursuant to the principles discussed, for example, in Carter's of New Bedford, Inc. v. Nike, Inc., 790 F. 3d 289 (1st Cir. 2015); Rivera v. Centro Medico de Turabo, Inc., 575 F. 3d 10 (1st Cir. 2009); and Grice v. VIM Holdings Group, LLC, 2017 WL 6210891 (D. Mass. 2017)(Young, D.J.).